

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, | : |
| Plaintiff, | :     Civil Action No.: |
| v. | : |
| 48-52 FRANKLIN, LLC, MARSHALL WEISMAN, THE NEW YORK CITY BUREAU OF HIGHWAY OPERATIONS, CREATIVE HABITATS, INC., and CM & ASSOCIATES CONSTRUCTION | :     **COMPLAINT FOR FORECLOSURE AND OTHER RELIEF** |
| Defendants. | : |

Capital One, National Association, (the "Lender"), by and through its attorneys, McCarter & English, LLP, by way of Complaint against Defendants 48-52 Franklin LLC (the "Borrower"), Marshall Weisman (the "Guarantor," and together with the Borrower, the "Obligors") and the Bureau of Highway Operations, Creative Habitats, Inc., and CM & Associates Construction, says:

## THE PARTIES

1.  Lender, a national banking association with its main offices located at 1680 Capital One Drive, McLean, Virginia, 22102, by virtue of 28 U.S.C. § 1348, is a citizen of the State of Virginia.

2.  The Borrower is a limited-liability company existing under the laws of the State of New York, having its principal place of business at 1094 River Avenue, Area C, Lakewood, New Jersey 08701-5607. As reflected in the Borrower's Operating Agreement, its only member is Marshall Weisman, who has an address at 240 Oak Knoll Road, Lakewood, New Jersey

MEI 13215713v.1

08701-1668, and is a citizen of the State of New Jersey. As a result, the Borrower is a citizen of the State of New Jersey.

3. The Guarantor has an address at 240 Oak Knoll Road, Lakewood, New Jersey 08701-1668. Consequently, the Guarantor is a citizen of the State of New Jersey.

4. The New York City Bureau of Highway Operations is an agency of the City of New York, a municipality chartered under the laws of the State of New York, with an address at c/o New York City Law Department 100 Church Street, New York, New York, 10007.

5. Upon information and belief, Creative Habitats Inc. ("Creative Habitats") is a corporation organized under the laws of the State of New Jersey, with an address at 74 South Avenue, Fanwood, New Jersey 07023-1546. Pursuant to 28 U.S.C. § 1332, Creative Habitats is a citizen of New Jersey.

6. Upon information and belief, CM & Associates Construction ("CM") is a corporation organized under the laws of the State of New Jersey, with an address at 1 Washington Park Street, Newark, New Jersey. Pursuant to 28 U.S.C. § 1332, CM is a citizen of New Jersey.

## JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

## FIRST CAUSE OF ACTION
(Foreclosure of Mortgage)

11. Lender repeats and realleges paragraphs 1-10 of this Complaint as if set forth more fully herein.

2

12.     On or about December 21, 2007, the Borrower and North Fork Bank, a predecessor in interest to the Lender, entered into an agreement to finance (the "Finance Agreement") the construction of a 72-unit condominium project located at 48-52 Franklin Street, in the Borough of Manhattan, New York.[1]

13.     In connection with the Finance Agreement, on December 21, 2007, the Borrower executed an Amended and Restated Land Loan Note (the "Land Note") in the principal amount of $17,000,000 in favor of the Lender.  A copy of the Land Loan Note is attached hereto as Exhibit A.

14.     To secure the Land Note, the Borrower executed an Amended and Restated Land Loan Mortgage (the "Land Mortgage") in favor of the Lender, dated December 21, 2007, and recorded with the Office of the City Register of the City of New York on February 27, 2008 as CRFN 2008000080921.  The Land Mortgage constitutes a first lien over the property (the "Mortgaged Property") located at 48-50 Franklin Street, New York, New York, which is more specifically described in Schedule  A to the Land Mortgage.  A copy of the Land Mortgage is attached hereto as Exhibit B.

15.     Also in connection with the Finance Agreement, on or about December 21, 2007, the Borrower and the Lender executed a Building Construction/Term Loan Agreement (the "Construction Loan Agreement"), pursuant to which the Lender agreed to lend $32,283,953 (the "Construction Loan") to finance the construction of the condominium development.  A copy of the Construction Loan Agreement is attached hereto as Exhibit C.

---

[1] Seventy of the seventy-two units have been sold to third-party buyers and are not longer subject to the liens being foreclosed in this action.   The two unsold units together with seven unsold parking spaces remain subject to the Lender's liens as alleged above.  The unsold units and parking spaces are more specifically described in Exhibit T hereto and referred herein as the "Mortgaged Property."

16.    To evidence the Construction Loan, the Borrower executed a Building Construction/Term Loan Note (the "Construction Note") in favor of the Lender for the principal amount of $32,283,953. A copy of the Construction Note is attached hereto as Exhibit D.

17.    To secure the Construction Note, on or about December 21, 2007, the Borrower executed a Building Loan Mortgage (the "Construction Mortgage") in favor of the Lender, which was recorded in the Office of the City Register of the City of New York on February 27, 2008, as CRFN 2008000080919, constituting a second lien over the Mortgaged Property. A copy of the Construction Mortgage is attached hereto as Exhibit E.

18.    Also in connection with the Finance Agreement, on or about December 21, 2007, the Borrower and the Lender executed a Project Construction/Term Loan Agreement (the "Project Loan Agreement"), pursuant to which the Lender agreed to lend $3,616,047 (the "Project Loan") to finance certain non-construction costs and expenses associated with the condominium development. A copy of the Project Loan Agreement is attached hereto as Exhibit F.

19.    To evidence the Project Loan, the Borrower executed a Project Construction/Term Loan Note (the "Project Note") in favor of the Lender for the principal amount of $3,616,947. A copy of the Project Note is attached hereto as Exhibit G.

20.    To secure the Project Note, on or about December 21, 2007, the Borrower executed a Project Loan Mortgage (the "Project Mortgage") in favor of the Lender, which was recorded in the Office of the City Register of the City of New York on or about February 27, 2008, as CRFN 2008000080920. The Project Mortgage constitutes a third lien over the Mortgaged Property. A copy of the Project Mortgage is attached hereto as Exhibit H.

4

21.     Also in connection with the Finance Agreement, on or about December 21, 2007, the Borrower executed an Absolute Assignment of Leases, Rents, Income and Profits (the "Assignment of Rents") in favor of the Lender, which was recorded in the Office of the City Register of the City of New York on or about February 27, 2008, as CRFN 2008000080922. A copy of the Assignment of Rents is attached hereto as Exhibit I.

22.     The Construction Note, the Land Note and the Project Note are referred herein as the "Notes." The Land Mortgage, the Construction Mortgage and the Project Mortgage are referred herein as the "Mortgages."

23.     To further secure all sums due under the Notes, the Guarantor executed a Payment and Performance Guaranty (the "Guaranty") dated December 21, 2007. A copy of the Guaranty is attached hereto as Exhibit J.

24.     The Notes, the Mortgages, the Guaranty, the Assignment of Rents, the Project Loan Agreement, the Construction Loan Agreement and all other related documents are referred herein collectively as the "Loan Documents."

**The First Amendment to the Loan Documents**

25.     On or about May 18, 2009, the Lender and the Obligors executed a First Amendment and Modification of Loan Agreements and Other Loan Documents (the "first Amendment") pursuant to which the parties thereto agreed to amend and modify the terms, conditions and provisions of the Loan Documents. A copy of the First Amendment is attached hereto as Exhibit K.

26.     In connection with the First Amendment, the Borrower executed a First Amendment and Modification of Building Loan Mortgage (the "First Amendment to the Construction Mortgage") in favor of the Lender as mortgagee, which was recorded on or about

July 19, 2009, in the Office of the City Register of the City of New York as CRFN 2009000217961. A copy of the First Amendment to the Construction Mortgage is attached here to as Exhibit L.

27.    In connection with the First Amendment, the Borrower executed a First Amendment and Modification of Project Loan Mortgage (the "first Amendment to the Project Mortgage") dated May 18, 2009, in favor of the Lender as mortgagee, and recorded in the Office of the City Register of the City of New York on or about July 15, 2009, as CRFN 2009000217962. A copy of the First Amendment to the Project Mortgage is attached hereto as Exhibit M.

28.    In connection with the First Amendment, the Borrower executed a First Amendment and Modification of Absolute Assignment of Leases, Rents, Income and Profits (the "First Amendment to the Assignment of Rents"), dated May 18, 2009, in favor of the Lender. The First Amendment to the Assignment of Rents was recorded in the Office of the City Register of the City of New York on or about July 15, 2009, as CRFN 2009000217963. A copy of the First Amendment to the Assignment of Leases is attached hereto as Exhibit N.

**The Second Amendment to the Loan Documents**

29.    On or about February 3, 2010, the Obligors and the Lender executed a Second Amendment and Modification of Loan Agreements and Other Loan Documents (the "Second Amendment") pursuant to which the parties thereto agreed to amend and modify the terms, conditions and provisions of the Loan Documents. A copy of the Second Amendment is attached hereto as Exhibit O.

30.    In connection with the Second Amendment, the Borrower executed a Second Amendment and Modification of Building Loan Mortgage (the "Second Amendment to the

6

Construction Mortgage") in favor of the Lender as mortgagee, which was recorded on or about April 19, 2010, in the Office of the City Register of the City of New York as CRFN 2010000128901. A copy of the Second Amendment to the Construction Mortgage is attached here to as Exhibit P.

31.    In connection with the Second Amendment, the Borrower executed a Second Amendment and Modification of Project Loan Mortgage (the "Second Amendment to the Project Mortgage") dated February 3, 2010, in favor of the Lender as mortgagee, and recorded in the Office of the City Register of the City of New York on or about April 19, 2010, as CRFN 2010000128902. A copy of the Second Amendment to the Project Mortgage is attached hereto as Exhibit Q.

32.    In connection with the Second Amendment, the Borrower executed a Second Amendment and Modification of Absolute Assignment of Leases, Rents, Income and Profits (the "Second Amendment to the Assignment of Leases"), dated February 3, 2010, in favor of the Lender. The First Amendment to the Assignment of Leases was recorded in the Office of the City Register of the City of New York on or about April 19, 2010, as CRFN 2010000128903. A copy of the Second Amendment to the Assignment of Leases is attached hereto as Exhibit R.

**The Third Amendment to the Loan Documents**

33.    On or about September 24, 2010, the Obligors and the Lender executed a Third Amendment and Modification of Loan Agreements (the "Third Amendment") pursuant to which the parties thereto agreed to amend and modify the terms, conditions and provisions of the Loan Documents. A copy of the Third Amendment is attached hereto as Exhibit S.

7

**The Default**

34.     The Obligors are presently in default under the terms of the Loan Documents by, among other things, failing to pay all the amounts due upon the maturity of the Notes (the "Defaults").

35.     The Lender has provided the Obligors with any and all notices required of the Defaults.

36.     The Defaults have not been cured.

37.     All sums are now due and payable to the Lender under the Loan Documents.

38.     Despite demand for payment, the Borrower has failed to pay all sums due under the Loan Documents.

39.     The principal balance outstanding (excluding interests, fees and costs) and due immediately under the Loan Documents is at least $1,510,859.69 as of April 25, 2012.

40.     Pursuant to the terms of the Loan Documents, interest accrues thereunder at a rate of LIBOR plus 2.25 % *per annum* or 4%, whichever is greater (the "Note Rate").

41.     Pursuant to the terms of the Loan Documents, upon default the balance of the Notes shall bear an interest rate equal to the Note Rate plus 5% percent.

42.     Pursuant to the terms of the Loan Documents, the Lender is entitled to a late fee of 4% for all payments made under the Notes as overdue payments.

43.     Pursuant to the terms of the Loan Documents, the Lender is entitled to recover its reasonable attorneys' fees and costs.

44.     The Mortgages provides that, in the event of a default, the holder of the Mortgages may foreclose the Mortgages.

8

45.    During the course of this action or prior to its commencement, the Lender might be obligated to make advances for the payment of necessary expenses to preserve the security of the Mortgaged Property. All such sums advanced, together with interest, shall be added to the amount due the Lender on the obligations secured by the Mortgaged Property.

46.    The Mortgages being foreclosed are not a "high-cost home loan" or a "subprime home loan," as such terms are defined in section six-l and six-m of the N.Y. Banking Law, and are not a "home loan" for purposes of N.Y. Real Property Actions and Proceedings Law Section 1304. Accordingly, the requirements of N.Y. Real Property Actions and Proceedings Law Section 1302 and 1304 are not applicable to this action.

47.    To the extent that the amounts due pursuant to the Loan Documents are not satisfied by this foreclosure proceeding, the Obligors may be liable for such deficiencies.

48.    The Bureau of Highway Operations is made a defendant in this proceeding on account of sidewalk liens filed on or about April 4, 1990 and May 22, 1990.

49.    Creative Habitats is made a defendant in this proceeding on account of a mechanic lien it filed on or about February 10, 2012.

50.    CM is made a defendant in this proceeding on account of a mechanic lien it filed on or about February 16, 2012.

51.    Any interest or lien that any defendant may have or claim to have in or on the Mortgaged Premises or some part thereof is subject to and junior to the lien of Lender's Mortgage.

**WHEREFORE**, Plaintiff, Capital One, National Association, demands Judgment:

A.    Fixing the amount due the Lender under the Loan Documents;

9

B.    Barring and foreclosing each Defendant from all equity of redemption in and to the Mortgaged Premises;

C.    Directing that the Lender be paid the amount due under the Loan Documents with interest, costs, attorneys' fees, and other sums due;

D.    Adjudging that the Mortgaged Premises be sold according to law to satisfy the amounts due the Lender;

E.    Entering judgment in favor of the Lender and against the Borrower for a deficiency, if any, after said sale; and

F.    Awarding such other relief as the Court deems equitable and just.

## SECOND CAUSE OF ACTION
### (Possession)

52.    The Lender repeats and realleges paragraphs 1-50 of this Complaint as if set forth more fully herein.

53.    By virtue of the Defaults under the Loan Documents, Lender is entitled to possession of the Mortgaged Premises, together with the appurtenances thereto.

54.    The Mortgaged Property is more particularly described in Exhibit T hereto.

55.    The Lender's right to possession of the Mortgaged Premises accrued on or about November 2011.

56.    Upon information and belief, the Obligors are in possession of the Mortgaged Premises and have, at all times since the aforesaid date, deprived the Lender of possession of the same.

**WHEREFORE**, Plaintiff, Capital One, National Association, demands judgment against Defendants, and against all other persons now occupying or who may hereafter occupy the premises for possession of the Mortgaged Premises to the Lender, its assignee and/or the

purchaser at foreclosure sale, for damages, for mesne profits, for costs of suit, including recovery of reasonable attorneys' fees, and for such other relief as this Court deems equitable and just.

## THIRD CAUSE OF ACTION
(Entitlement to Rents)

57.     The Lender repeats and realleges paragraphs 1-56 of this Complaint as if set forth more fully herein.

58.     As part of the Loan Documents, the Borrower executed the Assignment of Rents. See  Exhibits I, N and R attached to this Complaint.

59.     The Assignment of Rents provides that the Lender is entitled to collect rents from the Mortgaged Premises (the "Rents") upon an occurrence of an event of default under the Loan Documents.

60.     The Lender has provided the Borrower with any and all notices required as to the Defaults and its entitlement to the Rents.

61.     The Defaults have not been cured, and the Lender has accelerated all sums due under the Loan Documents.

62.     All sums are now due and payable to the Lender under the Loan Documents.

63.     Under the terms of the Assignment of Rents and the First Mortgage, the Lender is entitled to collect the Rents.

WHEREFORE, Plaintiff, Capital One, National Association, demands judgment:

A.     Directing any lessee of the Mortgaged Property, to make payments directly to the Lender;

B.     Permitting the Lender to apply the Rents in accordance with the Assignment of Rents; and

C.     Granting such other relief as is equitable and just.

11

ME1 13215713v.1

## FOURTH CAUSE OF ACTION
(Appointment of a Receiver)

64.     Lender repeats and realleges paragraphs 1-63 of this Complaint as if set forth more fully herein.

65.     Pursuant to the Assignment of Rents, the Borrower assigned and transferred to the Lender all of its right, title, and interest in and to the Rents.

66.     Pursuant to the terms of the Mortgages, upon an event of default by the Borrower, the Lender is entitled to the appointment of a receiver.

67.     The Borrower is presently in default of the terms of the Loan Documents by, among other things, failing to pay all amounts due upon the maturity of the Notes.

68.     The Lender has provided the Borrower with any and all notices required of the Defaults.

69.     The Defaults have not been cured, and all sums due under the Loan Documents.

70.     Despite demand for payment, the Borrower has failed to pay all sums due under the Loan Documents.

71.     By virtue of the terms of the Mortgages, the Lender is entitled to the appointment of a rent receiver.

72.     The appointment of a rent receiver is necessary to preserve the Mortgaged Property and to ensure that the Rents rightfully due and owing are collected and turned over to the Lender.

**WHEREFORE**, Plaintiff, Capital One, National Association, demands Judgment for:

A.  Appointment of a Receiver; and

B.  Such other relief as is equitable and just.

12

## FIFTH CAUSE OF ACTION
(Foreclosure of Security Interest in Personalty)

74.    Lender repeats and realleges paragraphs 1-73 of this Complaint as if set forth more fully herein.

75.    The Mortgages executed by the Borrower include Security Agreements in favor of Lender pursuant to which the Borrower gave Lender a security interest in the Borrower's personalty contained in or on the Mortgaged Property (collectively, the "Collateral").  See Exhibits B (Section 15), E (Art. I, Section 15), and H (Art. I, Section 15) attached to this Complaint.

76.    By virtue of the Defaults, Lender is entitled to foreclose on its security interest in the Collateral.

**WHEREFORE**, Capital One, National Association, demands judgment:

A.    Permitting Lender to foreclose its security interest in the Collateral;

B.    Adjudging that the Collateral be sold to satisfy amounts due to Lender; and

C.    Granting such other relief as is equitable and just.

Dated: April 27, 2011
New York, New York

McCARTER & ENGLISH, LLP
*Attorneys for Plaintiff, Capital One, N.A.*

By: _____
Eduardo J. Glas
245 Park Avenue, 27th Floor
New York, New York 10167
(212) 609-6800

13

ME1 13215713v.1