

# McCARTER & ENGLISH
ATTORNEYS AT LAW

April 2, 2013

VIA E-MAIL

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: Capital One National Association v. 48-52 Franklin, LLC et al. (Civil Action No. 12-CV-3366)

Dear Judge Schofield:

We represent the plaintiff in the above referenced matter pending before the Court. We write in connection with the Order entered by the Court on March 18, 2013, seeking a status report.[1]

1.  Nature of the Action

This is a commercial foreclosure action, seeking to foreclose three mortgages securing loans made to defendant 48-52 Franklin LLC ("Franklin") to finance the construction of a building with condominium units. Defendant Marshall Weisman was named as a defendant because he guaranteed the loans. The other defendants were named in the action because they have or may have junior liens to that of Plaintiff. The amount owed under the loans is approximately $1,600,000. We attach a copy of the complaint.

The Court has subject matter jurisdiction under 28 USC §1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Plaintiff is a national banking association with its main offices located at 1680 Capital One Drive, McLean, Virginia. By virtue of 28 U.S.C. § 1348, plaintiff is a citizen of the State of Virginia. Franklin is a limited-liability company existing under the laws of the State of New York, having its principal place of business at 1094

---

Eduardo J. Glas
Partner
T. 212.609.6844
F. 212.416.5158
eglas@mccarter.com

McCarter & English, LLP
245 Park Avenue
27th Floor
New York, NY 10167-0001
T. 212.609.6800
F. 212.609.6921
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

---

[1] We have tried in vain to contact Abraham Hoschander, Esq., counsel of record for Defendants 48-52 Franklin, LLC, and Marshall Weisman. The email address entered in the docket for Mr. Hoschander is not working. We contacted the phone number listed in the docket. We were told that he was no longer at that number. We were given the following number as a contact: 917-873-0148. We left at least two phone messages at that number, but we received no call back. We belatedly noticed that the contact information in the docket did not match the information in Mr. Hoschander's notice of appearance. We called Mr. Hoschander today at 347-435-3402, the phone number listed in his notice of appearance. The message at that number states that Mr. Hoschander's office is closed from March 20 to April 18, 2013. As a result, we emailed Mr. Hoschander a draft of this letter at Hoschlaw@gmail.com.

ME1 15252145v.1

The Honorable Lorna G. Schofield
April 2, 2013
Page 2

Rive Avenue, Area C, Lakewood, New Jersey. Its only member is Marshall Weisman, who has an address at 240 Oak Knoll Road, Lakewood, New Jersey, and is a citizen of the State of New Jersey. Consequently, Franklin too is a citizen of the State of New Jersey. Upon information and belief, Creative Habitats Inc. is a corporation organized under the laws of the State of New Jersey, with an address at 74 South Avenue, Fanwood, New Jersey. As a result, Creative Habitats is a citizen of the State of New Jersey. Upon information and belief, CM & Associates Construction ("CM") is a corporation organized under the laws of the State of New Jersey, with an address at 1 Washington Park Street, Newark, New Jersey. CM is therefore a citizen of New Jersey. Finally, the New York City Bureau of Highway Operations is an agency of the City of New York, and for diversity purposes is a citizen of New York.

Venue is appropriate in the Southern District pursuant to 28 USC §1391(a)(2), as the property being foreclosed is within the district.

2.  Motions Made and Pending

None of the defendants in this action filed an answer. Defendant CM only filed a limited appearance seeking notices for the entry of judgment and for the sale of the property, among other things.

On June 11, 2012, Plaintiff moved for the entry of default against defendants Franklin, Weisman, the New York City Bureau of Highway Operations and Creative Habitats. On June 11, 2012, the Clerk of the Court issued a certificate of default against those four defendants.[2] See ECF # 7-8.

On November 12, 2012, Plaintiff moved for the entry of a final judgment of foreclosure and sale. ECF # 18; 19; 20 and 21. On the return date of the motion, counsel for Franklin and Weisman wrote a letter to the court seeking an adjournment of the motion in order to file a cross motion to dismiss for lack of proper services. On November 30, 2012, the Court entered an Order directing Franklin to submit opposition to the motion for entry of final judgment of foreclosure and sale and its cross motion to dismiss the complaint on or before December 14, 2012. ECF # 23. At the same time, Plaintiff was directed to file opposition to the motion to dismiss by December 28, 2012. Id. The Order referred the pending motion for entry of final judgment of foreclosure and sale, and the yet to be filed motion to dismiss to Magistrate Fox for a Report and Recommendation. ECF # 24.

On November 12, 2012, the Court also entered default judgment against defendants Marshall, Weisman, New York City Bureau of Highways Operations and Creative Habitats. ECF # 23.

---

[2] The Clerk reissued the certificate of default on October 11, 2012, to reflect that the request for default was refiled on June 12, 2012 to cure a technical error in the electronic filing done on June 11, 2012. ECF # 9 and 17.

ME1 15252145v.1

The Honorable Lorna G. Schofield
April 2, 2013
Page 3

On December 14, 2012, Franklin and Weismann filed their motion to dismiss for lack of proper service or to vacate default. ECF # 27. On December 27, 2012, Plaintiff filed opposition to the motion to dismiss. ECF 30. In essence, Franklin and Weisman argued that Franklin was not properly served under CPLR § 311 (dealing with service upon corporations) because the summons and complaint were served upon Weisman's spouse at his residence.[3] Plaintiff contends that the relevant provision is CPLR § 311-a, which allows for service upon a limited liability company by serving managing member of the limited liability company as if such was person was a defendant. Under CPLR § 308(2) a natural person may be served by delivering the summons to a person of suitable age at his or her residence and by mailing the summons. The parties are currently waiting for the decision on the pending motions. Given the posture of the case, no scheduling order was ever entered.

Respectfully,

Eduardo J. Glas

EJG:mmp

Enclosure

---

[3] The CPLR service rules are incorporated into Rule 4(e)(1) of the Federal Rules of Civil Procedure.