UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAPITAL ONE, NATIONAL
ASSOCIATION,

          Plaintiff,

     -against-

48-52 FRANKLIN, LLC, MARSHALL
WEISMAN, THE NEW YORK CITY
BUREAU OF HIGHWAY OPERATIONS,
CREATIVE HABITATS, INC., and CM
& ASSOCIATES CONSTRUCTION,

          Defendants.
------------------------------------------------------------X

REPORT and RECOMMENDATION

12 Civ. 3366 (LGS)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LORNA G. SCHOFIELD, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Before the Court, in this action brought pursuant to the court's diversity jurisdiction, are: (1) plaintiff Capital One National Association's ("Capital One") motion for the "entry of final judgment of foreclosure and sale," with respect to two (2) condominium units and seven (7) parking spaces in a 72-unit condominium edifice located in New York County; and (2) defendants 48-52 Franklin, LLC's ("48-52 Franklin") and Marshall Weisman's ("Weisman") cross-motion "to dismiss the action for lack of jurisdiction and/or for a Court Order to vacate their default." The motions are addressed below.

## BACKGROUND

Capital One's predecessor-in-interest, the North Fork Bank, provided financing to 48-52 Franklin, a New York limited liability company, for its development of the 72-unit condominium structure, through three (3) mortgages and corresponding notes dated December 21, 2007. The loan documents were executed by Weisman, on behalf of 48-52 Franklin, in his capacity as that entity's manager. To induce Capital One to provide the financing, Weisman, in his individual capacity, executed a payment and performance guaranty "guaranteeing the full, prompt, and unconditional payment," when due, of 48-52 Franklin's debt obligations to Capital One, under the loan documents referenced above. Based upon amendments to the loan documents, the maturity date of the notes was extended to November

30, 2011. However, according to Capital One, 48-52 Franklin and Weisman defaulted on their obligations to it by failing to pay all the amounts due on the maturity date of the notes. As a consequence, Capital One contends that $1,612,302.69[1] are owed to it by 48-52 Franklin and Weisman. Capital One served a summons and complaint on all the defendants and none filed an answer to, or otherwise defended against, the complaint. Thereafter, in June 2012, Capital One requested, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, that the Clerk of Court enter the default of each defendant, save for defendant CM and Associates Construction, which entered into a stipulation with Capital One extending its time to answer, move or otherwise respond to the complaint. Counsel to CM and Associates Construction also filed a "Notice of Limited Appearance and Waiver," with the court through which he waived

> service of all further papers in this action, except the following: a) order appointing Referee to compute the sums due and owing to the plaintiff; b) notice of hearing before Referee to determine the sums due and owing to plaintiff; c) Referee's report and computation of the sums due and owing to the plaintiff; d) notice of motion and/or application on behalf of the plaintiff for summary judgment and/or a judgment of foreclosure and sale along with the supporting papers; e) judgment of foreclosure and sale entered in the above-entitled action; f) notice of sale with a true copy thereof to be served at least twenty (20) days before the scheduled date of sale; g) notice of any and all pleadings to discontinue the action; h) notice of any and all proceedings to obtain surplus money; and i) notice of any and all proceedings to obtain a deficiency judgment.

On October 11, 2012, the Clerk of Court granted Capital One's Rule 55(a) request and entered a default against all the defendants except CM and Associates Construction.

On November 12, 2012, Capital One filed the instant motion "for the entry of final judgment of foreclosure and sale." The Honorable Barbara S. Jones, to whom this case was then assigned, entertained the motion – characterizing it as a motion "for entry of default judgment." On November 30, 2012, through an order, she granted the motion and "enter[ed] a default judgment" against defendants Weisman, the New York City Bureau of Highway Operations and Creative Habitats, Inc. In that same order, Judge Jones referred the matter to the undersigned magistrate judge "for purposes of conducting an inquest to

---

[1] This amount is exclusive of attorney's fees and costs, which Capital One also seeks through this action.

determine the appropriate amount of damages owed to Plaintiff with respect to the defaulted defendants."

Judge Jones refrained from entering the default judgment against 48-52 Franklin because she had received a letter from "Abraham Hoschander ["Hoschander"], who [purported] to represent Defendant 48-52 Franklin but who [had] not filed a notice of appearance" on its behalf. Hoschander requested "an opportunity to oppose Plaintiff's motion for default judgment against 48-52 Franklin and to cross-move for dismissal against Plaintiff." Judge Jones granted his request and directed 48-52 Franklin "to submit its motion in opposition to Plaintiff's motion for default judgment and its motion to dismiss the Complaint on or before December 14, 2012." She directed Capital One to "reply to [48-52 Franklin's] motion in opposition to default judgment and [to] oppose [48-52 Franklin's] motion to dismiss on or before December 28, 2012." 48-52 Franklin was directed to submit any reply on or before January 4, 2013.

After several failed attempts to file their cross-motion through the court's Case Management/Electronic Case Filing system, 48-52 Franklin and Weisman succeeded in filing their cross-motion on January 28, 2013. In support of that motion, the cross-movants submitted a "certification"[2] by Weisman and a memorandum of law.[3] The cross-movants contend, through their memorandum of law, that service of process upon 48-52 Franklin "was improper," because the methods set forth in Rule 4 of the Federal Rules of Civil Procedure for serving a corporation with process were not employed. Fed R. Civ. P. 4(e)(1), made applicable here by Fed. R. Civ. P. 4(h)(1)(A), directs that service be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The cross-movants contend that "under New York State law, CPLR § 311 provides that personal service upon a Corporation [sic] can be made by delivering the Summons [sic] to an Officer, Director,

---

[2] Weisman's "certification" lacks his signature; thus, the document does not comport with the requirements for such a document that are found at 28 U.S.C. § 1746. The Court directed Weisman to sign his "certification" and then file it with the Clerk of Court, but he failed to do so. Accordingly, the Court cannot consider that document as it analyzes the motions before it.

[3] Although the cross-movants submitted a memorandum of law styled "BRIEF FOR OF [SIC] 48-52 FRANKLIN, LLC AND MARSHALL WEISMAN IN SUPPORT OF THE MOTION TO DISMISS," the document lacks any citation to case law, arguably, a violation of Local Civil Rule 7.1(a) (2) of this court.

Managing Agent or General Agent or Cashier or Assistant Cashier or any other Agent authorized by appointment or by Law [sic] to receive service. The Statute [sic] also provides that the Corporation [sic] may be served pursuant to Section [sic] 306 of the Business Corporation Law of the State of New York. In the instant [sic] neither of the above alternatives was used." According to the cross-movants "[t]he only service attempted [on 48-52 Franklin] was on a member of MR. WEISMAN'S [sic] household who was not affiliated with the Corporate Defendant." The cross-movants assert that "[m]erely serving a member of MR. WEISMAN'S [sic] household who was not at all related to the Corporation cannot be effective service as a matter of Law [sic]." "Therefore, [according to the cross-movants,] under Rule 4, service was improper."

Furthermore, the cross-movants maintain that service was defective because, "as a matter of Contract [sic] it was negotiated in all of the loan Agreements and Amendments to the loan Agreement [sic] that any documents must be served to a specific address for MR. WEISMAN [sic] with a copy to his Attorney[sic, and] the Summons [sic] was not sent to the address indicated in the papers nor to [Weisman's] Attorney [sic]." The cross-movants contend that, owing to the failure of Capital One to comply with the contractual provision referenced above, they were prejudiced, because Weisman "never saw the papers which were most likely taken by a member of his household and put in a box with other legal papers [and, as a consequence, h]e knew nothing of the existence of the action until informed by a Co-Defendant." Thereafter, according to the cross-movants, Weisman "immediately hired an Attorney [sic] who requested an extension of time. Although the answer was overdue by a period of approximately two (2) weeks, the Plaintiff nevertheless refused any requested [sic] for the adjournment." Accordingly, the cross-movants request that the court dismiss this action "for lack of jurisdiction and/or [that the court] allow the Defendants to answer and assert their defenses to this action."

For its part, Capital One asserts that 48-52 Franklin and Weisman were served with the summons and complaint on May 9, 2012, as indicated in its process server's affidavits of service, which are Exhibits A, B, and C to the certification submitted by its counsel, Eduardo J. Glas, in opposition to the cross-motion. Capital One contends that the cross-movants' reliance on New York Civil Practice Law

and Rules ("CPLR") § 311, in urging that the court find service on 48-52 Franklin was improper, is misplaced because 48-52 Franklin is not a corporation, but is a limited liability company. "As such, the provisions of CPLR § 311 are irrelevant [and t]he pertinent section of the CPLR is § 311-a, [which applies to] limited liability companies."

According to Capital One, CPLR § 311-a states that "[s]ervice of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member of a limited liability company in this state, if the management of the limited liability company is vested in its members . . ., in the manner provided by law for service of a summons *as if such a person was a defendant*." (Emphasis in original). Capital One alleges that Weisman "is the only member of [48-52 Franklin]. Pursuant to the affidavit of service filed with the Court, [48-52 Franklin] was served by serving [Weisman] as if he was a defendant, i.e. [sic] by personal service as permitted under Section [sic] 308(2) of the CPLR," and Weisman was also served in his individual capacity, pursuant to CPLR § 308. Specifically, Capital One contends that it delivered the summons "to a person of suitable age at [Weisman's] dwelling," Mrs. Weisman, who the process server affirmed is approximately 50 years old, and mailed "the summons to [Weisman's] residence," as demonstrated by its process server's affidavits. Moreover, according to Capital One, the cross-movants "do not deny that they have had actual notice of the lawsuit for the past six months at least" and, as a result, "any technical violation of the rule" or failure to comply strictly with it should not invalidate its service of process. Capital One maintains that a party to litigation is not free to ignore pleadings it receives. Therefore, any assertion by the cross-movants "that the summons and complaint were somehow placed in a box with other legal notices and left unread only shows willful blindness and cannot serve as an excuse to their failure to appear in this action earlier."

Furthermore, Capital One alleges that the cross-movants waived their defective service defense by their conduct. Capital One maintains that "in June 2012, after the default had been entered, former counsel for the [cross-movants] requested consent from Capital One to vacate the default. When asked if the [cross-movants] had a meritorious defense, counsel only indicated that there may be some confusion as to the property that was covered by the Mortgages [sic]. After [being] sent a copy of the notice of

pendency that had been filed, then counsel for the [cross-movants] never responded, leading Capital One to believe that the [cross-movants] had no defense to the action."

As for the cross-movants' contention that service was not effected in accordance with the parties' contractual notice requirements, Capital One disagrees. The pertinent contract language provides that,

> [u]nless otherwise indicated differently, all notices, payments, requests, reports, information or demands which any party hereto may desire or may be required to give to any other party hereunder, shall be in writing and shall be personally delivered, or sent by confirmed telecopy transmission, nationally recognized overnight courier service or first-class certified or registered United States mail, postage prepaid, return receipt requested, and sent to the party at its address appearing below or such other address as any party shall hereafter inform the other party by notice given as aforesaid:
>
> If to the Mortgagor:   48-52 Franklin, LLC
>                       1094 River Avenue, Area C
>                       Lakewood, New Jersey 08701
>                       Attn: Mr. Marshall Weisman
>                       Telecopy No.: (732) 942-5547
>
> With a copy to:       Silverberg & Kirschner, LLP
>                       360 Lexington Avenue
>                       12th Floor
>                       New York, New York 10017
>                       Attn: Uri Kirschner, Esq.
>                       Telecopy No.: (212) 953-7755
>
> If to Mortgagee:      North Fork Bank, a division of Capital One, N.A.
>                       399 Thornall Street
>                       Edison, New Jersey 08837
>                       Attn: Mr. Timothy Thompson
>                             Senior Vice President
>                       Telecopy No.: (732) 635-0993
>
> With a copy to:       Reed Smith LLP
>                       Princeton Forrestal Village
>                       136 Main Street, Suite 250
>                       Princeton, New Jersey 08540
>                       Attn.: Daniel F. Peck, Jr., Esq.
>                       Telecopy No.: (609) 951-0824

All notices, payments, requests, reports, information or demands so given shall be deemed effective upon receipt or, [sic] mailed, upon receipt of the expiration of the third (3rd) Business Day following the date of mailing, whichever occurs first, except that any notice of change in address shall be effective only upon receipt by the party to whom said notice is addressed. A failure to send the requisite copies does not invalidate an otherwise properly sent notice to the Mortgagor and/or the Mortgagee.

Capital One's process server was unable to locate 48-52 Franklin at the River Avenue address provided for it in the contractual notice provision; he found the location is "empty office space." Capital One contends that 48-52 Franklin failed to inform it of any address to which notices for it could be sent, other than its River Avenue address. Therefore, since the payment and performance guaranty that Weisman, 48-52 Franklin's agent for notices, gave it contained Weisman's Oak Knoll Road address, Capital One determined to serve process on 48-52 Franklin at that address. Capital One maintains that its failure to send a copy of the summons and complaint to Silverberg & Kirshner, as 48-52 Franklin contends it was contractually obligated to do, is of no import because the contractual notice provision "makes clear that a 'failure to send the requisite copies does not invalidate an otherwise properly sent notice to [48-52 Franklin].'" Therefore, Capital One contends that, since the cross-movants were served properly, their cross-motion should be denied.

## DISCUSSION

Cross-Motion to
<u>Dismiss or Vacate Default</u>

<u>Setting Aside 48-52 Franklin's Default</u>

The clerk's entry of a party's default may be set aside by the court "for good cause." Fed. R. Civ. P. 55(c). When considering whether good cause exists for relieving a party from default, the court must consider three factors: "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." <u>Pecarsky v. Galaxiworld.com Ltd.</u>, 249 F.3d 167, 171 (2d Cir. 2001). "A motion to vacate a default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment," <u>American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.</u>, 92 F.3d 57, 59 (2d Cir. 1996), and the disposition of these types of motions is "left to the sound discretion" of the court. <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95 (2d Cir. 1993).

A. Willfulness

In the context of a default, willfulness refers to conduct that exceeds mere negligence or carelessness. <u>See</u> <u>SEC v. McNulty</u>, 137 F.3d 732, 738 (2d Cir. 1998). The cross-movants allege that

Weisman "never saw the [summons and complaint,] which were most likely taken by a member of his household and put in a box with other legal papers." Such conduct, if it occurred, is not more than mere negligence or carelessness and, thus, in the context of a default, does not constitute willfulness. The Court concludes that the first factor weighs in favor of finding that good cause exists to set aside the default.

B.  Meritorious Defense

The defense asserted by the cross-movants is lack of jurisdiction, premised upon their assertion that Capital One failed to: (i) serve 48-52 Franklin with the summons and complaint using the methods for serving a corporation required by Fed. R. Civ. P. 4 and CPLR § 311; and (ii) comply with the parties' contractual notice provision. This defense, as it pertains to Capital One's failure to satisfy CPLR § 311's requirements for effecting service on a corporation, is not meritorious because, as is clear from the loan documents, see, e.g., Exhibit F to the Glas Certification, page 1, ¶ 2, 48-52 Franklin is a New York limited liability company, not a corporation. Consequently, Capital One was under no obligation to serve process on 48-52 Franklin as if it were a corporation.

Furthermore, 48-52 Franklin's reliance on Capital One's failure to give it notice as contemplated by the parties' contract(s) is of no assistance to it. This is so because 48-52 Franklin changed its address and failed to notify Capital One of the new address to which notices for it should be sent via its agent for notices, Weisman, as it was required to do by the parties' contractual notice provision. "Every contract implies that neither party will do anything to prevent performance of the other party, and a party who violates this rule, which is founded in fair dealing, may not rely on such failure to excuse his [or her] own non-performance." Bass v. Sevits, 78 A.D.2d 926, 927, 433 N.Y.S.2d 245, 247 (App. Div. 3d Dep't 1980). Therefore, the Court finds that the second factor militates against a finding that good cause exists to set aside 48-52 Franklin's default.

C.  Prejudice to Capital One

Capital One has not presented any facts or made any arguments that show how, if at all, it will be prejudiced if the default entered against 48-52 Franklin is set aside. Although Capital One alleges that the

cross-motion is "a ploy to delay the inevitable" foreclosure, that allegation ignores the fact that Judge Jones, who was fully aware of the posture of the case and the relief being sought by Capital One, determined that 48-52 Franklin should be allowed to seek relief from the default, while she simultaneously granted Capital One a judgment by default against all but one of the other defendants. This suggests clearly that Judge Jones did not believe that 48-52 Franklin's proposed motion to seek relief from the default was a "ploy," and evidences her view that giving 48-52 Franklin the opportunity to seek relief from the default was, based on the record before her, reasonable and appropriate. Inasmuch as Capital One has not demonstrated that it will be prejudiced if 48-52 Franklin's default is set aside, the Court finds that the third factor militates in favor of finding that good cause exists to set aside the default.

In addition to the three factors noted above, that must be weighed, a court considering whether to relieve a party from a default may also consider "[o]ther relevant equitable factors" including whether the default would produce a harsh result. Enron, 10 F.3d at 96. The default entered against 48-52 Franklin, if left undisturbed, may lead to the entry of a default judgment, exposing it, potentially, to damages exceeding one and one-half million dollars. The Court is mindful that default judgments are disfavored and, "defaults . . . are particularly disfavored by the law when [,like here,] substantial sums of money are demanded." Id. at 97 (citations omitted). In this circuit, because defaults are disfavored, a strong preference for adjudicating disputes on their merits exists. See id. at 95. Therefore, having considered all the factors noted above, the Court concludes that setting aside 48-52 Franklin's default is warranted.

Setting Aside Weisman's Default Judgment

A court "may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) a judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

As noted above, in an order dated November 30, 2012, Judge Jones entered a default judgment against Weisman and two (2) other defendants. In that same order, Judge Jones referred the matter to the undersigned magistrate judge to conduct an inquest in order to compute the damages owed to the plaintiff. The Second Circuit Court of Appeals has explained that a district court may not issue an order entering a default judgment against a defendant and, in the same order, "refer the case to a magistrate judge to compute damages" because "a default judgment cannot be entered until the amount of damages has been ascertained." Enron, 10 F.3d at 97. In such a circumstance, "the default judgment [is] not valid when entered . . . because at that time the district court only [has] the authority to order an entry of default." Id. Inasmuch as the default judgment entered against Weisman is not valid, good cause exists, see Fed. R. Civ. P. 55(c), for vacating the judgment pursuant to Fed. R. Civ. P. 60(b)(4).

Motion for Entry of
<u>Final Judgment of Foreclosure and Sale</u>

Based on the above, an analysis of Capital One's motion for entry of final judgment of foreclosure and sale, at this juncture, cannot be made because that motion's ripeness is dependent upon the status of the default entered against 48-52 Franklin and the default judgment entered against Weisman. Accordingly, no action on that motion is warranted at this time.

## RECOMMENDATION

For the reasons set forth above, I recommend that: (1) the cross-motion be granted; (2) the default entered against 48-52 Franklin be set aside; (3) the default judgment entered against Weisman be vacated; and (4) the motion for entry of final judgment of foreclosure and sale be denied, without prejudice. I recommend further that your Honor fix a date certain for the defendants to respond to the complaint.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield, 40 Centre Street, Room 201, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425,

New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Schofield. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review***. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
July 29, 2013

Respectfully submitted,

*/Kevin Nathaniel Fo:/*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE