UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CAPITAL ONE NATIONAL ASSOCIATION,  :
                              Plaintiff,  :
                                         :
            -against-  :         12 Civ. 3366 (LGS)
                                         :
48-52 FRANKLIN, LLC, MARSHALL  :         ORDER
WEISMAN, THE NEW YORK CITY BUREAU  X
OF HIGHWAY OPERATIONS, CREATIVE  :
HABITATS, INC., and CM & ASSOCIATES  :
CONSTRUCTION  :
                              Defendants.  :
                                       :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

    Before the Court is Plaintiff Capital One National Association's ("Capital One") motion for the entry of final judgment of foreclosure and sale with respect to two condominium units and seven parking spaces in located in New York County; and Defendants 48–52 Franklin, LLC's ("48–52 Franklin") and Marshall Weisman's ("Weisman") cross-motion to dismiss the action for lack of jurisdiction and/or for a Court Order to vacate their default. On July 29, 2013, Magistrate Judge Nathaniel Fox issued a Report and Recommendation (the "Report") to the Court. The Report recommended that the default entered against 48–52 Franklin be set aside, the default judgment entered against Weisman be vacated, and the motion for entry of final judgment of foreclosure and sale be denied without prejudice. For the reasons stated below, the Court adopts the Report in its entirety.

    The Report contains a more comprehensive summary of the case. Familiarity with that summary is assumed.

## I. Standard of Review for a Magistrate Judge's Report and Recommendation

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews the report strictly for clear error when no objection has been made, and makes a *de novo* determination regarding those parts of the report to which objections have been made. *McDonaugh v. Astrue,* 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (citation omitted). Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations. Further, the objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal. *Id.* (citations and quotation marks omitted).

When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. *Crowell v. Astrue,* No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citing *Pearson–Fraser v. Bell Atl.,* No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)). *De novo* review of a magistrate judge's report does not require the Court to conduct a *de novo* hearing on the underlying issues. *Marine v. Barnhart,* No. 00 Civ. 9392, 2003 WL 22434094, at *1 (S.D.N.Y. Oct. 24, 2003) (citing *United States v. Raddatz,* 447 U.S. 667, 676 (1980)). Rather, Congress intended "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *Raddatz,* 447 U.S. at 676. Further, courts have held that even when exercising *de novo* review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections." *LaBarbera v. D. & R. Materials Inc.,* 588 F. Supp. 2d 342, 344 (E.D.N.Y. 2008) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters,* 167 Fed. Appx. 230, 232 (2d Cir. 2006)).

**II. Discussion**

Plaintiff Capital One objects to the Report and urges entry of final judgment on two grounds. First, Plaintiff contends that the Report erred in finding that Defendants did not act willfully in failing to respond to the pleadings. Second, Plaintiff contends that the Report erred in vacating default without finding that the Defendants had raised a meritorious defense to the underlying claims. The Court reviews these objections *de novo*.

When considering whether good cause exists for relieving a party from a finding of default, a court must consider three factors: "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 171 (2d Cir. 2001). The Court conducts this review mindful that, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

With regard to the willfulness of the default, Plaintiff makes strong arguments that Defendants Weisman and 48-52 Franklin were more than merely negligent in their actions. According to Mr. Weisman, he was not initially aware of this case because he and 48-52 Franklin were not served directly -- even though service was proper in May 2012, as Magistrate Judge Fox correctly determined in the Report. Mr. Weisman claims to have discovered the case in June 2012, after being contacted by another Defendant in the case. At that point, he hired an attorney who sought from the Plaintiff, but was unable to obtain, an extension of time to answer or respond to the Complaint. Mr. Weisman does not explain why he and 48-52 Franklin did not appear in this action until November 2012, four months after Plaintiff moved for an entry of

3

default. Nonetheless, keeping in mind the Court's duty to resolve doubt in favor of the defaulting party, the Court does not find enough in the record to find that the default was willful.

While the Court agrees with Magistrate Judge Fox's conclusion that service was proper and that the Court has personal jurisdiction, the Court does not agree with Plaintiff's argument that Defendants on the current record plainly are lacking any meritorious defense. Defendants have raised at least some factual issues regarding Plaintiff's motion for judgment of foreclosure and sale. At the same time, Plaintiff Weisman's affirmation makes clear that he does not dispute that moneys are owed to Capital One. Keeping in mind that default judgments are disfavored, and that the Second Circuit urges courts to decide cases on their merits, the Court does not find that the potential lack of a meritorious defense here is sufficient to prevent the Court from vacating the entry of default. If Defendants truly lack a meritorious defense, Plaintiff will be able to make a motion on the merits in short order.

The Court has reviewed the other portions of Magistrate Judge Fox's Report to which there was no objection and finds no clear error.

### III. Conclusion

The Court adopts Magistrate Judge Fox's Report in its entirety. The Clerk of Court is directed to close the motions at Dkt. Nos. 18 and 38. The Defendant shall answer or otherwise respond to the Complaint by September 4, 2013. The parties shall appear for a status conference at 11:10 a.m. on September 5, 2013.

SO ORDERED.

Dated: August 21, 2013
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE