UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CAPITAL ONE NATIONAL ASSOCIATION,  :

                            Plaintiff,  :

                                     :

          -against-  :                   12 Civ. 3366 (LGS)

                                     :

48-52 FRANKLIN, LLC, MARSHALL  :              OPINION AND ORDER
WEISMAN, THE NEW YORK CITY BUREAU  X
OF HIGHWAY OPERATIONS, CREATIVE  :
HABITATS, INC., and CM & ASSOCIATES  :
CONSTRUCTION  :

                    Defendants.  :

                                     :

------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Capital One, N.A. brings this action against Defendants 48-52 Franklin, LLC

("Franklin"), Marshall Weisman, the Bureau of Highway Operations, Creative Habitats, Inc. and

CM & Associates Construction and asserts the following causes of action: (1) Foreclosure of

Mortgage, (2) Possession, (3) Entitlement to Rents, (4) Appointment of a Receiver and (5)

Foreclosure of Security Interest in Personalty.  Currently before the Court is Plaintiff's motion

for partial summary judgment on its claim for Foreclosure of Mortgage.  For the reasons stated

below, Plaintiff's motion is granted.

      Also for the reasons stated below, the Court (1) enters a final judgment of foreclosure and

sale; (2) finds that the amount owed as of October 31, 2013, under the mortgages at issue is

$1,747,482.17; (3) finds that interest at 9% per annum continued to accrue from November 1,

2013; and (4) grants to Plaintiff attorneys' fees and legal costs in the amounts of $52,770.92 and

$2,076.19, respectively.

I.      **Background**

   A.  **Facts**

This action involves the commercial foreclosure of two condominium units and seven parking spaces.  The facts are taken from the parties' summary judgment submissions and, as required on this motion, viewed in the light most favorable to the non-moving party.  The following facts are undisputed unless otherwise noted.

Plaintiff Capital One's predecessor-in-interest, the North Fork Bank, provided financing in a principal amount of approximately $52 million (the "Loan") to Defendant Franklin for development of a seventy-two-unit condominium structure located in Manhattan, New York (the "Property").  The Loan was secured by three mortgages (the "Mortgages") and corresponding notes (the "Notes"), all dated December 21, 2007 (the "Loan Documents").  As additional security for the Loan, Defendant Weisman executed a payment and performance guaranty, also dated December 21, 2007.

The first Mortgage and Note, referred to as the "Land Loan," was for $17 million, and constituted a first lien over the Property.  The second Mortgage and Note, referred to as the "Construction Loan," was for approximately $32 million and constituted a second lien over the Property.  The third Mortgage and Note, referred to as the "Project Loan," was for approximately $3.6 million and constituted a third lien over the Property.  Subsequently, seventy of the seventy-two condominium units and all but seven parking spaces at the Property were sold to third parties and are no longer subject to the Mortgages.

The Loan Documents provide that they cannot be modified orally, but only by a signed written agreement.  Capital One, Franklin and Weisman modified the Loan Documents, through the execution of new signed writings, on three occasions: May 18, 2009, February 3, 2010, and September 24, 2010.  Each of these modifications included a provision stating that the parties

2

"acknowledge and agree that . . . neither the Borrower nor the Guarantor has any defense, set-off, counterclaim, or challenge against the payment of any sums due and owing to the Agents or the Lenders or the enforcement of any terms of the Loan Agreements."

In addition, by letter dated October 11, 2011, the maturity date of the Notes was extended to November 30, 2011.  This letter stated:

> Other than as to changing the maturity date under the Loan Documents . . . no modification of the Loan Documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on Lender . . . and Borrower shall be obligated to perform all of its obligations under the Loan Documents . . . including . . . the obligation to make all . . . payments required under the Loan Documents.

When the Loan matured, Franklin failed to make the full payment owed to Capital One, which constituted a default under the terms of the Loan.  Capital One issued a notice of default on February 23, 2012.  Franklin and Weisman have admitted that they did not pay the Loan in full when the Notes matured.  However, the parties dispute the amount owed under the Loan.

Capital One has submitted its records regarding the Loan, which show the payments made and a running principal balance for each of the Notes.  These records show that the principal balance outstanding on the Land Loan is $790,443.78; the principal balance outstanding on the Construction Loan is $612,915.74; and the principal balance outstanding on the Project Loan is $54,273.68.

The interest on each of the Notes before the maturity date was 4%.  The interest on each of the Notes following default is 9%.  Interest continues to accrue.  According to Capital One's records, as of October 31, 2013, the total amount owed including principal and interest on the Land Loan is $940,328.77; on the Construction Loan is $729,137.49; and on the Project Loan is $68,531.11.

Additionally, Capital One's records show that it paid $1,600 for an environmental study and $4,500 for an appraisal of the Property (the "Expenses"), which Expenses the mortgagor is required to reimburse under the terms of the Loan Documents.  Capital One is waiving any late fees owed.

According to Capital One's records, as of October 31, 2013, the total amount owed under the Mortgages, including the outstanding principal balances on all three Notes, the 4% interest accrued through the maturity date, the 9% default interest accrued through October 31, 2013 and the Expenses, is $1,744,097.38.  Franklin and Weisman do not provide the Court with an alternate amount that they believe is owed, nor do they present any records or other evidence of their own regarding the amounts paid or outstanding under the Loan.

Instead, Franklin and Weisman claim that Capital One officers Bill Booth and Michael Verguer made an oral promise that Capital One would not seek to recoup the entire amount of the Loan; specifically, that if the condominium units were sold at "depressed prices," then Capital One would not "sue in the case of a deficiency."  Capital One denies that any such oral promise was made.

Capital One also seeks attorneys' fees in the amount of $52,770.92 and legal costs in the amount of $2,076.19.  According to the terms of the Loan Documents, the mortgagor is liable for attorneys' fees and legal costs in the event of a default.

### A.  Procedural History

Capital One filed the Complaint in this action on April 27, 2012.  On June 12, 2012, as none of the defendants had responded to the Complaint, Capital One filed a request for the entry of default judgment against Defendants Franklin, Weisman, the Bureau of Highway Operations and Creative Habitats, Inc.  Then, on July 18, 2012, Capital One filed a request for the entry of

4

default judgment against Defendant CM & Associates Construction.  Capital One moved for Judgment of Foreclosure and Sale on November 12, 2012.

On November 30, 2012, Judge Barbara Jones entered a default judgment against the Defendants.  On December 14, 2012, Defendants Franklin and Weisman filed a motion to dismiss for lack of jurisdiction and/or for an Order to vacate the default.  Magistrate Judge Nathaniel Fox issued a Report and Recommendation on July 29, 2013, recommending that the default against Defendants Franklin and Weisman be set aside and vacated, respectively, and that Capital One's motion for Judgment of Foreclosure and Sale be denied without prejudice.

On August 21, 2013, the Court adopted Judge Fox's Report and Recommendation in its entirety, denying Capital One's motion for Judgment of Foreclosure and Sale without prejudice lifting the default against Defendants Franklin and Weisman, and ordering them to file an answer to the Complaint by September 4, 2013.  On September 3, 2013, Defendants Franklin and Weisman filed their answer.  On September 27, 2013, Capital One filed the instant motion for summary judgment, which is opposed by Defendants Franklin and Weisman (hereinafter, "Defendants").

## II.    Summary Judgment Standard

The standard for summary judgment is well established.  Summary judgment is appropriate where the record before the court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The moving party bears the initial burden of informing the court of the basis for the summary judgment motion and identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact.  Fed. R. Civ. P. 56(c); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d

Cir. 2002).  The court must construe the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008).

If the moving party carries its initial burden, then the non-moving party bears the burden of demonstrating a genuine issue of material fact.  *See, e.g.*, *Celotex*, 477 U.S. at 322; *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001).  The non-moving party cannot "rely merely on allegations or denials" of the factual assertions of the moving party.  Fed. R. Civ. P. 56(e)(2); *see, e.g.*, *Amaker v. Foley*, 274 F.3d 677, 680-81 (2d Cir. 2001).  Moreover, "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment."  *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

The non-moving party must present specific evidence in support of its contention that there is a genuine dispute as to the material facts.  *See, e.g., Celotex,* 477 U.S. at 324; *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998).  Furthermore, to demonstrate a genuine dispute as to the material facts, the non-moving party must come forward with sufficient evidence to permit a reasonable jury to return a verdict in his favor.  *See, e.g.*, *Anderson*, 477 U.S. at 242, 248; *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001).

"If the factual context renders . . . claims implausible, *i.e.*, claims that make no economic sense," then, in order to avoid summary judgment, the party "must offer more persuasive evidence to support their claims than would otherwise be necessary."  *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp*, 475 U.S. 574, 575 (1986).

III.    **Discussion**

A.    **Foreclosure**

Capital One moves for summary judgment on its claim for Foreclosure of Mortgage.  "It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default."  *Village Bank v. Wild Oaks Holding, Inc.*, 601 N.Y.S.2d 940, 941 (2d Dep't 1993).

Here, Capital One produced to the Court the Mortgages and the Notes, which have not been challenged by Defendants.  Capital One also produced evidence of default through the letter, dated October 11, 2011, setting the maturity date of the Notes as November 30, 2011, and the payment records of the three Notes, showing that there was an unpaid principal balance on all three Notes as of that maturity date.  Defendants admitted, by letter dated November 26, 2012, more than a year after the maturity date, that the Loan had not been paid in full.  Furthermore, Defendants have not adduced any evidence suggesting that the Loan was ever paid in full.

Consequently, Capital One has established a prima facie entitlement to foreclosure as a matter of law.  *See Wasserman v. Harriman*, 651 N.Y.S.2d 620, 622 (2d Dep't 1996) (holding that the plaintiffs established a prima facie entitlement to foreclosure as a matter of law by submitting evidence of the execution of the note and mortgage and the defendant's failure to make payment in accordance with its terms); *FGH Realty Credit Corp. v. VRD Realty Corp.*, 647 N.Y.S.2d 229, 230 (2d Dep't 1996) (same).

"Once the plaintiff has established its prima facie case by presenting the Note, Mortgage and proof of default, the Mortgagee has a presumptive right to foreclose which can only be overcome by an affirmative showing by the Mortgagor."  *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs.*, 139 F. Supp. 2d 462, 465-66 (S.D.N.Y. 2001) (citing *First Nat'l Bank of*

*Highland v. J & J Milano, Inc.*, 553 N.Y.S.2d 448, 449 (2d Dep't 1990)).  In other words, once

the plaintiff has established a prima facie entitlement to foreclosure, "it is incumbent upon the

defendant to assert any defenses which could properly raise a viable question of fact as to his

default." *Village Bank*, 601 N.Y.S.2d at 941.  Here, Defendants do not raise any viable defenses.

First, Defendants argue that the evidence submitted by Capital One in the form of

Certifications and attachments from a Vice President in its Special Assets group, John

O'Gorman, is not competent and admissible because O'Gorman lacks the required personal

knowledge.  The only evidence provided by Defendants in connection with this argument is a

webpage from Linkedin.com, which states that O'Gorman was first employed by Capital One in

April 2011.  Defendants use this evidence to argue that because O'Gorman commenced work

with Capital One years after the Loan was initiated, he must lack sufficient personal knowledge

of the matters at hand.  This argument fails.

O'Gorman is the Capital One employee who was tasked with collecting the unpaid

balance on the Loan and as such is qualified to testify from his personal knowledge about the

Loan Documents.  O'Gorman makes clear in his Certifications that he is relying on his personal

review of the files, as well as his involvement in the matter.  Moreover, Defendants do not

dispute that the Loan was executed by the parties and do not challenge the authenticity of any of

the Loan Documents themselves.

Next, Defendants raise the defense of estoppel, arguing that a judgment of foreclosure

should not issue because Capital One officers Bill Booth and Michael Verguer made an oral

promise that Capital One would not seek to recoup the entire amount of the Loan.  This argument

also fails.  While the allegation that Capital One made an oral promise is disputed, for the

reasons discussed below, it is not sufficient to preclude summary judgment.

As an initial matter, in Defendant Weisman's Certification, he characterizes the oral promise as an assurance that Capital One would not sue in the case of a deficiency.  Weisman does not allege that Capital One promised it would not foreclose in the event of a default.  The motion at issue here is for summary judgment on Capital One's action for foreclosure and does not involve any claim for a deficiency judgment against Franklin as mortgagor or Weisman as guarantor, which could not occur until after a foreclosure sale.  Therefore, the oral promise Defendants specifically allege, even if they could prove it was made and was legally binding, would not affect Capital One's ability to foreclose, which is the only action at issue here.

However, even if Defendants had alleged that the oral promise included a promise that Capital One would not foreclose in the event of a default, this still would not preclude summary judgment, primarily because the evidence adduced by Defendants regarding the alleged oral promise is insufficient to defeat summary judgment.

"A defendant in a foreclosure action who seeks to avoid summary judgment against it where there have been unquestionable defaults, must meet a threshold of believability if it claims that there was an oral promise to forgo or delay foreclosure."  A "bare assertion that certain representatives of the mortgagee made such a promise is not enough to create an issue of fact." *New York State Urban Dev. Corp. v. Garvey Brownstone Houses*, 469 N.Y.S.2d 789, 795 (2d Dep't 1983); *accord Sec. Pac. Mortg. & Real Estate Servs., Inc. v. Canadian Land Co. of America, N.V.*, 690 F. Supp. 1214, 1220-21 (S.D.N.Y. 1988) (holding that the defendant's "highly improbable allegation of oral waiver of the Bank's right to foreclose" was "insufficient under controlling New York precedent to raise an issue of material fact barring summary judgment of foreclosure"); *see also Union Bank of Switz., N.Y. Branch v. 890 Park Assocs.*, 92 CIV 1557, 1995 WL 121289, at *5 (S.D.N.Y. Mar. 20, 1995) (citing *New York State Urban Dev. Corp.*, 469 N.Y.S.2d at 795) (holding that the defendants "failed to show a triable issue of fact as

to any oral agreement which might serve as the basis for a valid defense" because the alleged

oral promise itself was "highly implausible" and the fact that it was not reduced to writing was

"beyond common sense").

Here, the default is not in question, as Defendants have admitted that they have not paid

off the Loan in full, and that the maturity date of the loan was November 30, 2011. As well,

here, Defendants' assertion of an oral promise does not meet the threshold of believability. It is

implausible that Capital One would promise Defendants that it would not foreclose in the event

of a default, and it is equally implausible that an agreement such as this, if it did exist, would not

be in writing. New York courts have repeatedly found allegations of oral promises to refrain

from foreclosure in the event of a default to be implausible. *See*, *e.g.*, *Sec. Pac. Mortg.*, 690 F.

Supp. at 1220-21; *City of New York v. Grosfeld Realty Co.*, 570 N.Y.S.2d 61, 62 (2d Dep't

1991).

"If the factual context renders . . . claims implausible, *i.e.*, claims that make no economic

sense," then, in order to avoid summary judgment, the party "must offer more persuasive

evidence to support their claims than would otherwise be necessary." *Matsushita Elec. Indus.

Corp.*, 475 U.S. at 575. Here, Defendants adduce no evidence to support their claim of an oral

promise other than the bare assertions in Weisman's Certification.

"It is well established that a disputed, uncorroborated affidavit standing alone is

insufficient as a matter of law to raise an issue of material fact." *Union Bank of Switz.*, 1995 WL

121289, at *5 (citing *New York State Urban Dev. Corp.*, 469 N.Y.S.2d at 795) (holding that the

plaintiff was not estopped from foreclosing on the mortgage at issue because in support of their

estoppel defense, defendants offered only an unsupported affidavit alleging an oral promise

without any other evidence establishing the existence of an agreement); *accord Grosfeld Realty

Co.*, 570 N.Y.S.2d at 62 (finding that affidavits "set[ting] forth mere conclusions concerning

10

alleged oral representations to forego foreclosure, rather than a statement of detailed factual allegations along with other documentary evidence" was "insufficient to create an issue of fact which would warrant a trial").

Consequently, the evidence adduced by Defendants regarding Capital One's alleged oral promise to forego foreclosure is insufficient under controlling New York precedent to raise an issue of material fact precluding summary judgment.

Moreover, the Loan Documents here provide that they cannot be modified orally, but only by a signed writing.  Therefore, any attempt to orally modify the Loan Documents would not be legally effective under New York law.  *See* N.Y. Gen. Oblig. Law § 15-301(1) ("A written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent.").

"Where . . . oral promises are directly contradicted by the unambiguous terms of the parties' mortgage documents which preclude[] any oral modification, the writing controls." *Can-Am Dev. Corp. v. Meldor Dev. Corp.*, 625 N.Y.S.2d 600, 601 (2d Dep't 1995); *accord Rose v. Spa Realty Assocs.*, 42 N.Y.2d 338, 343 (1977); *see also FGH Realty Credit Corp.*, 647 N.Y.S.2d at 230 (holding that the defendants "failed to raise a triable issue of fact" and rejecting an estoppel defense to an action for foreclosure of mortgage where the defendants alleged an oral promise, but there was a provision in the written mortgage agreement barring oral modifications).

Under New York law, a party can overcome a no-oral-modification clause only by showing partial performance or equitable estoppel.  *See Rose*, 42 N.Y.2d at 343-44.  Defendants here have shown neither.  To rely on the partial performance exception, "that partial performance

must be 'unequivocally referable' to the new contract." *Merrill Lynch Interfunding, Inc. v.*
*Argenti*, 155 F.3d 113, 122 (2d Cir. 1998) (quoting *Rose*, 42 N.Y.2d at 343-44).  Where the
"possibility of other reasons for the conduct" exists, "the performance is equivocal."  *Id.* (quoting
*Anostario v. Vicinanzo*, 59 N.Y.2d 662, 664 (1983)).  This means, "the action taken must be
'unintelligible or at least extraordinary, explainable only with reference to the oral agreement.'"
*Id.* (quoting *Anostario*, 59 N.Y.2d at 664).

Defendants argue that Capital One insisted that they sell the condominium units at
depressed prices instead of allowing them to wait until the market improved to sell the units.
Defendants further argue that they sold at the depressed prices in reliance on Capital One's
promise that it would not seek to recoup the entire amount of the Loan.  However, as Defendants
admit, the reason that the units had to be sold for depressed prices was the state of the American
economy and housing market; therefore, Defendants would have been forced to sell at these
prices regardless of whether any promise was made by Capital One, as Defendants needed to sell
the units in order to make payments on the Loan.  Consequently, Defendants have not shown any
partial performance that is unequivocally referable to the oral promise allegedly made by Capital
One.

As for the equitable estoppel exception, it may be invoked to enforce an oral promise
modifying a written agreement despite a clause prohibiting oral modifications only where "one
party to the written contract 'has induced another's significant and substantial reliance upon an
oral modification,' and if the conduct relied upon is 'not otherwise . . . compatible with the
agreement as written."  *EMI Music Mktg. v. Avatar Records, Inc.*, 317 F. Supp. 2d 412, 421
(S.D.N.Y. 2004) (quoting *Rose*, 42 N.Y.2d at 344) (ellipses in original) (finding issue of fact for
the jury of whether there was an oral agreement to extend a distribution contract where defendant
continued to perform its contractual duties past the contract's expiration date).

Defendants have not adduced any evidence showing conduct on the part of Capital One that is incompatible with the Loan Documents. The record shows that Capital One's conduct consistently reflected its intent to collect the full amounts owing under the Loan Documents as written. Specifically, from May 2009, to September 2010, Capital One and Defendants entered into several written modifications of the Loan Documents, and each time, Capital One included a provision stating that Defendants did not have any "challenge against the payment of any sums due and owing . . . or the enforcement of any terms of the Loan Agreements." Additionally, when the parties entered into the letter agreement of October 11, 2011, which extended the maturity date of the Notes, Capital One included language explicitly stating that:

> [N]o modification of the Loan Documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on [Capital One] . . . and [Defendants] shall be obligated to . . . make all . . . payments required under the Loan Documents.

Therefore, Defendants have not made the showings necessary to overcome the general rule that a written agreement prohibiting oral modification is controlling and trumps an inconsistent oral amendment. *See, e.g.*, *Home Loan Inv. Bank, F.S.B. v. Goodness and Mercy, Inc.*, No. 10–CV–4677, 2012 WL 1078886, at *4 (E.D.N.Y. Mar. 30, 2012) (citing *Rose*, 42 N.Y.2d at 344) (holding that the partial performance and equitable estoppel exceptions did not apply where the plaintiff may have induced the defendants' reliance upon a purported oral modification, but where the plaintiff's conduct was "compatible with the agreement as written" and where the defendants' behavior in alleged reliance was also "in accord with the original agreement").

Defendants' remaining arguments have been considered and found to be without merit. Accordingly, Plaintiff's motion for summary judgment on its claim for Foreclosure of Mortgage is granted, and the Court issues a final judgment of foreclosure and sale.

### B.  Amount Owed under the Mortgages

Capital One has presented evidence in the form of the payment records for each of the three Notes, showing the amounts outstanding under each of the Notes.  Capital One also has presented evidence in the Loan Documents themselves of the interest rates on the Notes, both before and after maturity.  Defendants admit that they never paid the Loan in full at maturity and, while they dispute the amount owed shown by the records submitted by Capital One, provide no records of their own or any other evidence showing a different amount.

In order to resist summary judgment, the non-moving party cannot rely merely on a denial of the factual assertions of the moving party.  *See* Fed. R. Civ. P. 56(e)(2); *Amaker*, 274 F.3d at 680-81.  Likewise, "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak*, 88 F.3d at 71.  Instead, the non-moving party must present specific evidence in support of its contention that there is a genuine dispute as to the material facts.  *See Celotex,* 477 U.S. at 324; *Scotto*, 143 F.3d at 114.  Because Defendants have not adduced any specific evidence showing an amount owed that differs from the amount shown by the records adduced by Capital One, Defendants have failed to demonstrate a genuine issue of material fact precluding summary judgment as to the amount owed under the Mortgages.

Defendants argue that O'Gorman, as a Vice President, would not have the expertise needed to compute an accurate amount of what is owed under the Loan, as this type of computational task is usually given to a lower ranking employee.  This argument fails.  As discussed above, O'Gorman is the Capital One employee who was tasked with collecting the unpaid balance on the Loan and as such is qualified to testify from his personal knowledge about the records kept on the Loan, including the records of the amounts paid and outstanding.

14

Defendants also argue that the Complaint creates a material question of fact precluding summary judgment by alleging an amount owed under the Mortgages that differs from that asserted in the motion papers. This argument also fails. The Complaint alleges that the principal amount owed is at least $1,510,859.69, while the motion papers state that the principal amount owed is $1,457,633.20. However, it is clear that the amount submitted in the Complaint is an estimate. Moreover, a complaint is not evidence. The difference between a party's allegations and the evidence revealed by discovery does not create a genuine issue of material fact precluding summary judgment.

Accordingly, the Court finds that the amount owed as of October 31, 2013, under the Mortgages, is, as reflected in the records submitted by Capital One, $1,747,482.17, plus interest at 9% per annum which continued to accrue from November 1, 2013.

### C.  Attorneys' Fees and Costs

Capital One seeks attorneys' fees and costs arising out of this action in the amounts of $52,770.92 and $2,076.19, respectively. Attorneys' fees "may be recovered in the mortgage foreclosure action itself if the mortgage document obligates the mortgagor to pay such a fee for the expenses incurred in that action." *Levine v. Infidelity, Inc.*, 770 N.Y.S.2d 83, 84 (2d Dep't 2003). Here, the Loan Documents provide for the mortgagor to pay attorneys' fees and legal costs in the event of a default. Defendants do not argue otherwise.

The Second Circuit has held that "the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . creates a presumptively reasonable fee." *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted). In determining the reasonableness of attorneys' fees, a court should "look[] to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146,

1153 (2d Cir. 1992) (internal quotation marks omitted).  "Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court."  *Id.*

In this matter, Capital One retained the services of McCarter & English LLP, located in New York, New York.  Capital One submitted a Certification of Attorney Eduardo J. Glas, attaching detailed information about the attorneys' fees and costs.  Legal services were performed primarily by attorney Glas, who has practiced law for seventeen years in the area of creditors' rights and bankruptcy, and who charged an hourly rate of $420 in this matter, which the Court finds reasonable in light of the circumstances.

Capital One's submissions provide sufficient information to determine the reasonableness of the legal services billed by describing what tasks were performed, by whom, on what dates, and for how long, as well as the costs incurred.  Accordingly, the Court finds that the fees and costs submitted by Capital One are reasonable and awards Plaintiff attorneys' fees and legal costs in the amounts of $52,770.92 and $2,076.19, respectively.

## IV.    Conclusion

For the reasons discussed above, Plaintiff's motion for partial summary judgment on its claim for Foreclosure of Mortgage is GRANTED.

The Court (1) enters a final judgment of foreclosure and sale; (2) finds that the amount owed as of October 31, 2013, under the Mortgages, is $1,747,482.17; (3) finds that interest at 9% per annum continued to accrue from November 1, 2013; and (4) awards Plaintiff attorneys' fees and legal costs in the amounts of $52,770.92 and $2,076.19, respectively.

The parties shall appear for a conference on April 15, 2014, at 11:30 AM.  Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Fed. R. Civ. P. 16 conference.  In accordance with the

Court's individual rules, the parties shall file on ECF a Proposed Civil Case Management Plan and Scheduling Order, no later than April 10, 2014.  The parties shall use this Court's form of order available at the Court's website (http://www.nysd.uscourts.gov/judge/Schofield).

The Clerk of Court is directed to close the motion at docket number 53.

SO ORDERED.

Dated: April 8, 2014
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE