USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED : 5/7/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAPITAL ONE, NATIONAL ASSOCIATION,

        Plaintiff,

v.

48-52 FRANKLIN, LLC, MARSHALL WEISMAN, THE NEW YORK CITY BUREAU OF HIGHWAY OPERATIONS, CREATIVE HABITATS, INC., and CM & ASSOCIATES CONSTRUCTION

        Defendants.

---

Civil Action No.: 12-CV-3366 (BSJ) CLGS )

**FINAL JUDGMENT OF FORECLOSURE AND SALE**

    Upon the Summons, Complaint duly filed with the Court on April 2, 2012, and the Notice of Pendency filed with the New York County Clerk's Office on April 30, 2012, the Order dated April 8, 2014 (the "Order Granting Summary Judgment"), which granted summary judgment in favor of Plaintiff and against Defendants 48-52 Franklin, LLC and Marshall Weisman, and all proceedings and pleadings had thereon and herein, from which it appears that each of the Defendants has been duly served with the Summons and Verified Complaint, that Defendants 48-52 Franklin, LLC, and Marshall Weisman interposed Answers with affirmative defenses, which were stricken by the Order Granting Summary Judgment; and Defendants New York City Bureau of Highway Operations and Creative Habitats, Inc (collectively, these defendants are referred as the "Non-Answering Defendants") did not file answers to the Complaint and, pursuant to the Order entered on November 30, 2012, a judgment of default was entered against the Non-Answering Defendants, and Defendant CM & Associates having filed a limited appearance only for purposes of limited notices, from all of which it appears that this is an action brought to foreclose a Mortgages on real property situated in New York County, New York,

ME1 17605551v.1

together with interest thereon and all sums due and payable under Plaintiff's Notes and Mortgages and all other documents executed in connection therewith, as more fully set forth in the Order Granting Summary Judgment,

It is hereby:

**ORDERED, ADJUDGED AND DECREED** that the Mortgaged Premises described in the Complaint in this action and as hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction at the United States Courthouse, 40 Foley Square., New York, New York by and under the direction of Joel E. Abramson ., who is hereby appointed Referee for this purpose; that the said Referee give public notice of the time and place of such sale in accordance with the New York Real Property Action and Proceeding Law (R.P.A.P.L.) Section 281 in The New York Law Journal, and that the Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; that in case the Plaintiff shall become the purchaser at the said sale Plaintiff shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the Plaintiff becomes the purchaser or purchasers at the sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that such Referee on receiving the proceeds of such sale forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the Mortgaged Premises at the time of sale with such interest or penalties that may have lawfully accrued thereon to the date of payment; and it is further

ME1 17605551v.1

**ORDERED, ADJUDGED AND DECREED** that said Referee then deposit the balance of said proceeds of sale in his own name as Referee in a so-designated bank account and shall thereafter make the following payments and his checks drawn for the purpose shall be paid by the said depository:

FIRST.    The statutory fees of said Referee, in the sum of $500.

SECOND.    The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be left with said depository.

THIRD.    Said Referee shall also pay to the Plaintiff or Plaintiff's attorney the sum of $1,747,482.17, the said amount so found to be owed in the Order Granting Summary Judgment, together with the interest thereon from November 1, 2013, plus $52,770.92 and $2,076.19 awarded for attorneys' fees and legal costs in the Order Granting Summary Judgment, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same, and any advances that the Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgagees, or to maintain Mortgaged Premises pending the consummation of this foreclosure sale not previously included in the computation and upon presentation of receipt for said expenditures of the Referee, all together with interest thereon pursuant to the Note and Mortgage.

FOURTH.    If such Referee intends to apply for further allowance for his fees, application shall be made to the Court therefore upon due notice to those parties entitled thereto.

That in case the Plaintiff be the purchaser of said Mortgaged Premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of the sale under this Judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof

filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff a deed or deeds of the premises sold upon the payment to said Referee of the amounts specified above in items marked "First" and "Second" and the amounts of the aforesaid taxes, assessments and water rates, and interest or penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the Plaintiff for Referee's fees, advertising expenses, taxes, assessments, and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified above to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified above in item marked "Third"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from Plaintiff shall forthwith pay therefrom said taxes, assessments, water rates, and interest or penalties thereon unless the same have already been paid, and shall then deposit the balance.

That said Referee take the receipt of the Plaintiff or Plaintiff's attorney for the amounts paid as hereinbefore directed in item "Third", and file it with a report of sale; that she deposit the surplus monies, if any, with the Clerk of the Court within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of the Court; that the said Referee make her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of the Court within thirty days after completing the sale and

executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the Plaintiff shall recover from Defendants 48-52 Franklin, LLC and Marshall Weismann, in accordance with the Loan Documents (as the term is defined in the Complaint) the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after the sale of the Mortgage Premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the real Property Action and Proceeding Law within the time limit therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at said sale be let into possession on production of delivery of the foregoing Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED** that each and all the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Mortgaged Premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Mortgaged Premises are to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, easements and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the Mortgaged

Premises are located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior mortgage lien(s) of record, if any, and any advances and arrears thereunder; prior lien(s) of record, if any, except those liens addressed in Section 1354 of the Real Property Actions and Proceeding Law; and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the absence of the Referee, the Court may designate a Substitute Referee; and it is further

**ORDERED, ADJUDGED AND DECREED,** that a copy of this Judgment shall be served upon the owner of the equity of redemption and any other party entitled to notice.

Said Mortgaged Premises are located at 48-52 Franklin Street, in the Borough of Manhattan, New York City, New York. A description of the said Mortgaged Premises hereinbefore mentioned is annexed hereto and made a part hereof. <u>See</u> Exhibit A.

Dated: 5/7/14

ENTER,

_____
LORNA G. SCHOFIELD, U.S.D.J.

ME1 17605551v.1

# EXHIBIT A

## MADISON TITLE AGENCY, LLC

Title No.: MTANY-073196

### SCHEDULE A

The Condominium Units known as Unit Nos. [See Schedule of Units attached] (the Unit) in the premises known as The 50 Franklin Street Condominium, said Units being designated and described as Unit Nos. [See Schedule of Units attached] in the Declaration made by 48-52 Franklin, LLC pursuant to Article 9-B of the Real Property Law of The State of New York (the Condominium Act) establishing a plan for condominium ownership of said premises, which Declaration was recorded in the Office of the Register of the County of New York on 12/09/2009 in CRFN 2009000403344, as amended by First Amendment of Declaration recorded on 06/11/2010 in CRFN 2010000194492 and said units being also designated as Tax Lots Nos. 1401,1410,1545,1548,1550 - 1554 in Block 172 on the tax map of The City of New York for the Borough of Manhattan in the Real Property Assessment Department of The City of New York and on the Floor Plans of the building (the Building) in which the Units are contained, and filed with the Real Property Assessment Department of the City of New York on 12/09/2009, as Condominium Plan No. 2079 and also filed in the said Register's Office on 12/09/2009, as Map in CRFN 2009000403345.

Together with a [See Schedule of Units attached] % undivided interest in the common elements.

The land on which said Building is located is bounded and described as follows:

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, County of New York, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Franklin Street, distant 50 feet 1 1/2 inches easterly from the corner formed by the intersection of the northerly side of Franklin Street with the easterly side of Cortland Alley;

RUNNING THENCE northerly at right angles to the northerly side of Franklin Street, 100 feet;

THENCE easterly parallel with the northerly side of Franklin Street, 75 feet 2 inches;

THENCE southerly at right angles to the northerly side of Franklin Street and part of the distance through a party wall, 100 feet to the northerly side of Franklin Street;

THENCE westerly along the northerly side of Franklin Street, 75 feet 2 inches to the point or place of BEGINNING.

NOTE: Being District , Section , Block 172, Lot(s) 1401,1410,1545,1548,1550 - 1554, Tax Map of the Borough of Manhattan, County of New York

NOTE: Lot and Block shown for informational purposes only.

Issued by:
**Madison Title Agency, LLC**
1125 Ocean Avenue
Lakewood, NJ 08701
Telephone: 212-808-9400  Fax: 212-808-9420

(073196.PFD/073196/29)

## Schedule of Units

| Unit Designation | Tax Lot No. | Percentage of Common Interest |
|---|---|---|
| 1A | 1401 | 0.6189% |
| 3D | 1410 | 1.4292% |
| P1 | 1545 | 0.0546% |
| P4 | 1548 | 0.0546% |
| P6 | 1550 | 0.0546% |
| P7 | 1551 | 0.0546% |
| P8 | 1552 | 0.0546% |
| P9 | 1553 | 0.0546% |
| P10 | 1554 | 0.0546% |