UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
CAPITAL ONE NATIONAL ASSOCIATION,                           :
                                       Plaintiff,           :
                                                            :      12 Civ. 3366 (LGS)
              -against-                                     :
                                                            :      ORDER
48-52 FRANKLIN, LLC, *et al.*,                              :
                                       Defendants.          :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

  Plaintiff moves for an order finding that service on counsel for Defendants Marshall Weisman and 48-52 Franklin LLC satisfies the service requirements under section 1371(2) of New York Real Property Actions and Proceedings Law.  For the reasons that follow, Plaintiff's application is granted.

  This is a mortgage foreclosure action.  On May 7, 2014, a final judgment of foreclosure and sale was issued, which appointed a referee to administer the sale of the mortgaged property by auction.  The auction took place on October 22, 2014, and Plaintiff placed the winning bid.

  On November 21, 2014, Plaintiff moved for confirmation of the referee's report of sale and for leave to enter deficiency judgment against Defendants Marshall Weisman and 48-52 Franklin LLC.  Pursuant to section 1371, Plaintiff sought to effectuate service of this motion on Defendants in several ways.  <u>First</u>, Plaintiff served the motion upon Defendants' counsel, Abraham Hoschander, both electronically via ECF and personally on December 17, 2014.  <u>Second</u>, Plaintiff attempted to personally serve the motion on Defendants at Weisman's last known residential address, the address where Defendants had been served originally when the action was commenced, and two addresses that Plaintiff had identified through its own research.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/2015

The process server reported that Defendants no longer lived or maintained an office at any of those addresses.  <u>Third</u>, Plaintiff also attempted personal service at the address listed for 48-52 Franklin LLC in its bankruptcy petition.  The address, however, turned out to be a UPS Store in which Weisman rents a mailbox.  Plaintiff also mailed the motion to this address; a certified mail receipt signed and dated November 25, 2014, indicates that Plaintiff's envelope was delivered and accepted.

Service on Defendants' attorney of record is sufficient.  Subsection 2 of section 1371 provides:

> [P]rovided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action.  Such notice shall be served personally or in such other manner as the court may direct.

N.Y. Real Property Action and Proceedings Law § 1371(2).  New York courts have held that "substantial compliance with [section 1371] is all that is required.  *Heritage Savings Bank v. Grabowski*, 70 A.D.2d 989 (N.Y. App. Div. 1979).  Personal service upon a party's attorney -- or even the attorney's staff -- is sufficient to meet section 1371's service requirement.  *See Saratoga, Inc. v. Homestead Acres at Greenport, Inc.*, 249 A.D.2d 290, 290-91 (N.Y. App. Div. 1998) (holding that service upon receptionist for respondent's counsel satisfied section 1371); *MBL Life Assurance Corporation v. 555 Realty Co.*, 251 A.D.2d 557 (same); *Gance v. Southside Storage, LLC*, 27 Misc.3d 1209(A), at *2 (N.Y. Sup. Ct. Apr. 13, 2010) (same); *see also Putnam Cnty. Sav. Bank v. Fishel*, 110 A.D.3d 779, 780 (N.Y. App. Div. 2013) ("[S]ince the plaintiff substantially complied with the service requirements, and [the defendant] received actual and timely notice of the motion as a result, the service was sufficient").

Here, Plaintiff has substantially complied with the service requirements laid out in section 1371.  Accordingly Plaintiff's motion is GRANTED and the Court finds sufficient the service on Defendant of the Motion to Confirm Report of Sale and for Leave to Enter Deficiency Judgment.

It is further ORDERED that the return date for said Motion is hereby rescheduled for February 4, 2015, at 10:40 a.m.

SO ORDERED.

Dated: January 7, 2015
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**